1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                              Petitioner,

            v.

CH2M HILL, INC.,

                              Respondent.

CASE NO.  C18-1452

UNITED STATES' PETITION AND
MEMORANDUM FOR
ENFORCEMENT OF CIVIL
INVESTIGATIVE DEMAND
PURSUANT TO 31 U.S.C. § 3733 AND
TO COMPEL PRODUCTION OF
DOCUMENTS

Noted for Consideration on:
October 19, 2018

PETITION AND MEMORANDUM FOR ENFORCEMENT OF CID
CASE NO. C18-1452

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**INTRODUCTION**

The United States is investigating potential violations of the False Claims Act, 31 U.S.C. § 3729 (FCA) by CH2M Hill, Inc. (CH2M), which overbilled the United States approximately $8.3 million by using employees who did not meet specific labor qualifications on two Air Force Center for Engineering and the Environment (AFCEE) contracts.  CH2M admits that it overbilled the United States; the central issue in the government's investigation is whether CH2M "knowingly" failed to disclose or reimburse the United States for the overpayment, in violation of the FCA.

In May 2017, the United States served a Civil Investigative Demand (CID) on CH2M for the production of records relating to its labor qualification practices.  Over the past several months, CH2M has made multiple productions in response to the CID.  However, it has withheld over 300 responsive documents relating to work performed by a third-party consulting firm, Argy, Wiltse & Robinson PC (Argy), based on its assertion of the attorney-client privilege and work product doctrine.  Although Argy told CH2M by September 2011 that it had used miscategorized employees on AFCEE contracts, CH2M did not report this critical information to the government until <u>after</u> the government started auditing CH2M's practices.  Thus, discovery regarding Argy's consulting work for CH2M is directly relevant to the government's investigation into whether CH2M "knowingly" failed to reimburse the United States for an $8.3 million overpayment.  Because CH2M has not met its burden of proving that either the attorney-client privilege or the work product doctrine protects these materials from disclosure, the United States requests that the Court compel CH2M to produce all Argy-related material.

**FACTS**

**A.   Background**

CH2M is an engineering, planning, economic and scientific consulting firm that regularly contracts with, and performs work for, the Federal Government, including a

PETITION AND MEMORANDUM FOR ENFORCEMENT OF CID - 1
CASE NO. C18-1452

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   significant number of projects for the Department of Defense (DoD).[1]  CH2M's headquarters
2   are located in Englewood, Colorado, and it has offices in Bellevue, Washington (among
3   several other locations).[2]

4          In 2003 and 2008, the United States Air Force (USAF) awarded CH2M AFCEE
5   Contract Nos. F41624-03-D-8595 and FA8903-08-D-8769 (AFCEE Contracts), respectively.
6   Both contracts are cost-reimbursable, indefinite delivery/indefinite quantity contracts, which
7   focused primarily on environmental projects for the USAF.  The contracts included
8   minimum education and experience requirements for specific employment positions.  The
9   total value of the AFCEE Contracts was in excess of $900 million.

10          In December 2014, the Defense Contract Audit Agency (DCAA)—which provides
11   audit and financial advisory services to the DoD—determined that at least five CH2M
12   employees did not meet the labor qualifications for work performed in fiscal year 2008 under
13   task orders that were issued pursuant to the AFCEE Contracts, and advised CH2M of its
14   findings.  By letter dated April 17, 2015, CH2M informed the Office of Inspector General of
15   the DoD that it had "credible evidence of overpayment" with respect to its performance of
16   the AFCEE Contracts.  Ex. A at 1.[3]  Specifically, CH2M stated that it determined that "an
17   unknown number of employees have been billed through time-and-materials ("T&M") task
18   orders under [the AFCEE Contracts] in labor categories for which they did not meet one or
19   more minimum qualification stipulated by those contracts."  *Id.* at 2.

20          CH2M retained PriceWaterhouseCoopers LLP (PwC) to perform an analysis of the
21   impact of the labor qualification issue on the AFCEE Contracts.  In April 2016, CH2M
22   provided the results of PwC's analysis to DCAA, which concluded that from 2003-2014,
23   CH2M overbilled the USAF approximately $8,323,179 on the AFCEE Contracts.  In August
24   2017, CH2M agreed to repay the government for this overpayment.  *See* Ex. B.

25

26

27

---

[1] Jacobs Engineering Group Inc. acquired CH2M Hill on December 18, 2017.  *See* https://www.ch2m.com/newsroom.
28
[2] *See* https://www.ch2m.com/locations/united-states.
[3] Exhibits A-R are attached to the Declaration of David R. East, filed herewith.

PETITION AND MEMORANDUM FOR ENFORCEMENT OF CID - 2
CASE NO. C18-1452

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**B.    CH2M's Retention of Argy to Perform Consulting Services**

Four years before DCAA determined that CH2M miscategorized employees on AFCEE contracts, CH2M retained Argy in 2010 to perform a "GAP ANALYSIS AND BUSINESS SYSTEMS REVIEW" to provide "reasonable assurance that [CH2M's] Business Systems are compliant and effective in performing the Federal Government's contracts."  Ex. C at CH2M-00000138, CH2M00000141.[4]  Argy's review included an analysis of CH2M's compliance with labor qualification requirements on government contracts, and recommendations for improving the same.  *See* Ex. A at 7 ("The results of this review included a recommendation to CH2M that it enhance its procedures for ensuring that employees meet labor qualification requirements on T&M contracts.").

**1.    Services Purchase Order 942452**

CH2M retained Argy pursuant to a contract designated as Services Purchase Order 942452 (PO 942452).  *See* Ex. C.  CH2M and Argy executed PO 942452 on November 1 and 4, 2010, respectively.  *See* Ex. D at CH2M-00000293.  Non-lawyers signed the agreement on behalf of both parties.  *See id*. at CH2M-00000293.  PO 942452 identifies two non-lawyers as CH2M's primary points of contact for performance of the contract, and a Contracts Manager as the "BUYER" for CH2M.  *Id*. at CH2M-00000292-293.

PO 942452 does not indicate that CH2M retained Argy to assist with legal matters, or that its work would be under the auspices of privilege.  The "Scope of Services" indicates that Argy's role was to perform "select Business Systems reviews and reviews of associated internal controls as part of [CH2M's] Federal Government contract compliance program." Ex. C at CH2M-00000140.  The "end goals" of the engagement were to provide CH2M (1) "reasonable assurance that its Business Systems are compliant and effective in performing the Company's Federal Government Contracts", and (2) "the infrastructure and foundation necessary to assess compliance with a broad array of Federal Government contract

---

[4] Argy was acquired by BDO LLP USA in 2012.  *See* https://www.bizjournals.com/washington/news/2012/10/10/cpa-firm-bdo-acquiring-argy-wiltse.html.  A "gap analysis" is an analytical method that compares a company's actual performance with its expected, or potential performance.

1   regulatory, statutory and systems requirements." *Id.* at CH2M-00000141, 146.  PO 942452

2   did <u>not</u> indicate that Argy would be working with CH2M's in-house counsel.  *See generally*

3   *id.*

4        PO 942452 contains a "Nondisclosure" provision that prohibits Argy, for a period of

5   five years, from disclosing information that CH2M identifies as "proprietary or

6   confidential."  *See* Ex. C at CH2M-00000159, ¶ 15.0.  The provision does not reference

7   attorney-client privileged communications or attorney work product.  *See id.*

8       **2.  "Supplement to Scope of Work – Purchase Order #942452"**

9        On November 8, 2010—a week after it signed PO 942452—CH2M asked Argy to

10   sign a letter "acknowledg[ing] that ARGY is being engaged and retained by the Legal and

11   Insurance Department of CH2M to perform the services specified in the Scope of Work."

12   Ex. E at CH2M-00000179-180.  Attached to the letter is a document entitled "Supplement to

13   Scope of Work – Purchase Order #942452" (Supplement), which indicates that the purpose

14   of the engagement is for Argy to provide "consulting services to assist with preparation for

15   DCAA business systems audits and leveraging our current compliance approach into a

16   formal government compliance program."  *See id.* at CH2M-00000186.  The Supplement

17   states that Argy's work will be "at the direction and under the sole supervision of CH2M

18   HILL's Legal and Insurance Department," but clarifies that Argy will be working with

19   CH2M's "internal audit and government contracts compliance staff on the engagement."  *See*

20   *id.* at CH2M-00000186-187.[5]  Like PO 942452, the Supplement does <u>not</u> reference attorney-

21   client privileged communications or attorney work product.

22       **3.    Performance of PO 942452**

23        CH2M's AFCEE Contracts Manager, Sylvia Walker, described Argy's work pursuant

24   to PO 942452 as an "internal assessment" and "internal audit."  Ex. F at CH2M-00003505;

25   Ex. G at CH2M-00017503.  Although CH2M has produced only limited documents related

26

27

28   [5] The language of the Supplement oddly suggests that it is a proposal for services even though the parties had already executed PO 942452.  *See, e.g.,* Ex. E at CH2M-00000186 ("CH2M HILL seeks consulting services.…"), 187 ("Please provide a quote for each engagement….").

PETITION AND MEMORANDUM FOR ENFORCEMENT OF CID - 4
CASE NO. C18-1452

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  to Argy's performance of the PO, the documents reveal that Argy determined by no later

2  than September 2011 that CH2M had billed USAF for multiple employees who did not

3  satisfy AFCEE labor qualifications.  *See, e.g.*, Ex. G; Ex. H at CH2M-00004097 ("The

4  vetting was completed and communicated to Argy and internal teams Sep 22, 2011.").  For

5  example, CH2M's records indicate, "when Argy conducted an internal assessment in 2011,

6  [CH2M] determined" its employee, Bryan Nash, "was billed incorrectly" on one of the

7  AFCEE Contracts.  Ex. F at CH2M-00003505; *see also* Ex. I.  The same "Internal audit

8  conducted by Argy" indicated that CH2M employees Audrey Huggins and Corey

9  Schwabenlander did not satisfy AFCEE labor qualifications.  *See* Ex. I; Ex. G at CH2M-

10 00017515-17516.  Although CH2M quantified the hours it had wrongly billed for certain

11 employees on the AFCEE contracts, it did not take any steps to compensate the government

12 for the overpayment:

13      Unless we are directed to go backwards <u>no billing action needs to be take [*sic*] at this

14      <u>time</u>.

15 Ex. G at CH2M-00017503 (emphasis added).

16 **C.      2012 DCAA Audit**

17      In 2012, DCAA asked CH2M to produce documents and information relating to

18 Argy's performance of PO 942452 in connection with an audit.  *See* Ex. J.  DCAA required

19 such information in order to evaluate whether CH2M was complying with 48 C.F.R. §

20 252.242-7006, which mandates that a contractor's accounting system provide, *inter alia*,

21 "[m]anagement reviews or <u>internal audits</u> of the system to ensure compliance with the

22 Contractor's established policies, procedures, and accounting practices".  *Id* at CH2M-

23 00011028 (emphasis added).  Although CH2M's AFCEE Contracts Manager and other

24 employees had referred to Argy's work as an "internal audit," CH2M refused DCAA's

25 request, claiming that it "<u>did ***not***</u> retain Argy as part of its internal control system or

26 processes, the Argy work product is not an internal audit report, nor was it developed or

27 requested in connection with an internal audit."  Ex. K at 1. (emphasis in original).  CH2M

28 further alleged that Argy's analyses were "protected by the attorney-client privilege and

PETITION AND MEMORANDUM FOR ENFORCEMENT OF CID - 5
CASE NO. C18-1452

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  attorney work doctrine" because they were prepared "at the direction of the CH2M HILL

2  Legal Department in connection with a confidential matter that, at the time of the Argy

3  engagement, the Legal Department anticipated would raise a possible dispute in the

4  future…." *Id.* at 1.

5       CH2M's outward position to DCAA regarding the purported privileged nature of the

6  engagement appears to have been in conflict with contemporaneous internal communications

7  from its contracting team.  To wit, on March 22, 2012, CH2M's Director of Contractor

8  Audits confirmed that the company did <u>not</u> ask Argy to perform its work "under privilege":

9       [T]he letter … indicating that Argy was retained by CH2M HILL's legal department
10      … <u>does not state that the work is under privilege.</u>

11  Ex. L (emphasis added).

12  **D.    Withholding of Documents in Response to Civil Investigative Demand**

13      In May 2017, the United States served CH2M with a CID, which sought, primarily,

14  records relating to the work that Argy performed on its behalf in 2010 and 2011.  *See* Ex. M.

15  In response to the CID, CH2M began a rolling production of over 20,000 documents, which

16  took place over several months.

17      On August 31, 2017, CH2M provided an initial "Index of Documents Withheld Under

18  a Claim of Privilege."  Ex. N.  The almost 70-page privilege log identified approximately

19  1300 documents that CH2M claimed were protected against disclosure based on the

20  attorney-client privilege or the work product doctrine.  *See id.*  Of the withheld documents,

21  only about 250 were purportedly authored by or sent to an attorney, and approximately 650

22  were purportedly prepared "at the direction of" counsel (or a similar statement).  *See id.*[6]

23      By letter dated December 8, 2017, CH2M argued that Argy's work as a third-party

24  consultant was protected by the attorney-client privilege and work product doctrine because

25  "Argy was <u>retained directly by CH2M's Legal department</u> to conduct a <u>privileged review</u> of

26  CH2M's business systems."  Ex. O at 4 (emphasis added).  CH2M further argued that the

27  _____

28  [6] The appendix to CH2M Hill's initial privilege log identified the attorneys at CH2M Hill and Argy who were either the
authors or recipients of the withheld documents.  *See* Ex. N at 65-68.

PETITION AND MEMORANDUM FOR ENFORCEMENT OF CID - 6
CASE NO. C18-1452

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Supplement "and accompanying letter clearly show that CH2M's Legal department procured

2    consulting from Argy to assist CH2M Legal with preparation and strategy development for a

3    potential anticipated dispute with DCAA…." *Id.* at 4-5.

4          By letter dated January 25, 2018, the United States challenged CH2M's privilege

5    analysis and requested that it "immediately produce all documents related to PO 942452 that

6    it has previously withheld on the basis of privilege." Ex. P at 1.  The United States asserted

7    that CH2M failed to provide a factual or legal basis for its privilege claims.  *See id.* at 2-5.

8          In March 2018, CH2M presented a modified privilege log, which identified a total of

9    "318 unique documents" that it was withholding on the basis of attorney-client or work

10   product privilege, and which fit into four separate categories:

11/12    1.  Documents that involved direct discussions with counsel … There are 83 such
             documents, of which 45 are presentations/reports prepared by Argy ....

13       2.  Documents containing detailed excerpts or digests of Argy findings … There are
             42 such documents.

14/15/16  3.  Documents prepared by Argy and shared with CH2M, or correspondence between
              Argy and CH2M, that did not directly involve counsel but related to the substance
              of Argy's engagement … There are 164 documents in this category….

17/18    4.  Documents and correspondence prepared by CH2M personnel directly discussing
             the substance of the Argy engagement and/or digesting the Argy findings … There
             are 29 documents in this category….

19   Ex. Q at 2.  Of the 318 withheld documents: approximately 280 were purportedly prepared at

20   or under the direction of counsel; 49 appear to be spreadsheets; only 37 documents appear to

21   have been received by an attorney; only 4 are explicitly identified as involving

22   communications with counsel, and of this subset, only 2 actually purport that the

23   communications sought legal advice; and only 2 documents appear to have been authored by

24   an attorney.  *See id.*[7]

25

26

27   [7] Through subsequent discussions, CH2M provided the following information: almost all of the documents withheld as
     "work product" were prepared by non-lawyers (Ex. R at 4, ¶ 3); each of the 45 presentations that CH2M withheld in their
     entirety under category 1, *supra*, was likely shared with non-lawyers (*id.* at 5-6, ¶ 7); and only some of the 45

28   presentations withheld under category 1, *supra*, had privilege and/or work product designations or disclaimers, all of
     which were added by Argy—not CH2M (*id.* at 6, ¶ 8).

PETITION AND MEMORANDUM FOR ENFORCEMENT OF CID - 7
CASE NO. C18-1452

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    **ARGUMENT AND AUTHORITY**

2    **A.      This Court is a Proper Venue for the Petition**

3            The United States is authorized to file a petition to enforce a CID in "any judicial

4    district in which such person resides, is found, or transacts business."  31 U.S.C. § 3733(j).

5    Because CH2M has a corporate office and transacts business in this District, venue is proper.

6    **B.      The CID is Enforceable**

7            CH2M is not alleging that the United States' CID is unenforceable.  Nonetheless, the

8    CID meets all applicable requirements for enforceability.  In the Ninth Circuit, courts must

9    enforce a CID where: (1) Congress granted the authority to investigate; (2) procedural

10   requirements were followed; and (3) the evidence is relevant and material to the

11   government's investigation.  *See E.E.O.C. v. Karuk Tribe Hous. Auth.*, 260 F.3d 1071, 1076

12   (9th Cir. 2001) (internal citations omitted).

13           Here, the United States' CID meets all applicable requirements and is enforceable.

14   The plain language of the FCA authorizes the CID issued to CH2M.  *See* § 3733(a)(1).

15   Further, the documents that the United States seeks—records relating to the consulting work

16   that Argy performed on CH2M's behalf—are directly responsive and material to the United

17   States' FCA investigation into CH2M's failure to disclose the overpayment.

18   **C.      CH2M's Communications With Argy Are Not Privileged**

19           "The party asserting the attorney-client privilege has the burden of establishing the

20   relationship and privileged nature of the communication."  *United States v. Richey*, 632 F.3d

21   559, 566 (9th Cir. 2011) (citing *United States v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997)).

22   The Ninth Circuit has adopted an eight-part test to determine whether information is

23   protected by the attorney-client privilege:

24           (1) Where legal advice of any kind is sought (2) from a professional legal adviser in
             his capacity as such, (3) the communications relating to that purpose, (4) made in
25           confidence (5) by the client, (6) are at his insistence permanently protected (7) from
             disclosure by himself or by the legal adviser, (8) unless the protection be waived.
26

27   *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (internal quotations and citations

28   omitted).  The purpose of the privilege is to protect "communications between an attorney

PETITION AND MEMORANDUM FOR ENFORCEMENT OF CID - 8
CASE NO. C18-1452

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

and her client made in confidence for the purpose of securing legal advice from the lawyer." *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1069 (N.D. Cal. 2002) (citing *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996)).

When, as here, the purportedly privileged communications involve a third party, the general presumption is that the privilege holder is "deemed to waive the privilege by disabling itself from claiming that the communications were intended to be confidential." *Schaeffler v. United States*, 806 F.3d 34, 40 (2d Cir. 2015); *see also Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981) (voluntary disclosure to third party waives the privilege). However, the Ninth Circuit has recognized a limited exception to this rule when the communications are "with third parties who have been engaged to assist the attorney in providing legal advice." *Richey*, 632 F.3d at 566 (internal citations omitted); *see also ChevronTexaco Corp.*, 241 F. Supp. 2d at 1072, n.3 (noting that at least two Ninth Circuit decisions have cited, with approval, *United States v. Kovel*, 296 F.2d 918 (2d Cir. 1961)—a seminal case on this exception). The waiver exception does not apply unless the third party's role is "to facilitate an accurate and complete consultation between the client and the attorney." *United States v. Judson*, 322 F.2d 460, 462-463 (9th Cir. 1963). Further, "if the advice sought is the [third-party's] rather than the lawyer's, no privilege exists." *Kovel*, 296 F.2d at 922; *see also United States v. Ackert*, 169 F.3d 136, 139 (2d Cir. 1999) ("[T]he privilege protects communications between a client and an attorney, not communications that prove important to an attorney's legal advice to a client.").

In the present case, CH2M has failed to produce evidence that supports its assertion that documents involving, or relating to, work performed by Argy pursuant to PO 942452 are protected by the attorney-client privilege. As a threshold matter, there is no evidence that CH2M engaged Argy to assist its attorneys in providing legal advice to the company. Rather, PO 942452 plainly states that the "end goal" of the engagement was for Argy—not CH2M's in-house attorneys—to "provide CH2M Hill reasonable assurance that its Business Systems are compliant and effective in performing the Company's Federal Government Contracts." Ex. C at CH2M-00000141. Neither the Purchase Order nor the Supplement

PETITION AND MEMORANDUM FOR ENFORCEMENT OF CID - 9
CASE NO. C18-1452

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    refers to "legal advice"; likewise, neither explicitly addresses attorney-client

2    communications or work product. *See id*.; Ex. E.[8]  Moreover, as stated above, CH2M's

3    Director of Contractor Audits acknowledged that Argy's work was not "under privilege."

4    Ex. L.  Under *Kovel* and its progeny, these facts do not support an extension of the attorney-

5    client privilege to Argy's consulting work for CH2M.

6         Similarly, CH2M's privilege log fails to establish a factual basis for the potential

7    application of the attorney-client privilege to most, if not all, of the 318 withheld documents.

8    Only <u>two</u> documents explicitly purport to relate to legal advice, and two additional

9    documents explicitly purport to be communications with counsel.  *See* Ex. Q at CH2M-

10   00008422 ("seeking legal advice"), CH2M-00020946 ("Communication with counsel

11   regarding Argy work product"), CH2M-00021230 ("seeking and receiving legal advice"),

12   CH2M-00022471 ("Correspondence with in-house counsel….").[9]  Several of the documents

13   withheld as attorney-client privileged communications do not inherently qualify as

14   "communications" because of the type of document (*e.g.*, "spreadsheet") and the fact that the

15   privilege log does not identify a recipient, let alone an attorney involved in the

16   "communication."  *See generally id*.  Indeed, CH2M identified "Argy" as the author for at

17   least 60 documents, with either no recipient identified, or "CH2M" listed as the recipient.  *Id*.

18   Approximately 280 of the withheld documents were purportedly created at or under the

19   "direction of counsel," which is insufficient to establish privilege.  *See United States v.

20   Davita*, 301 F.R.D. 676, 681-82 (N.D. Ga. 2014) ("Where the only information presented

21   was an allegation in the log itself that a document was prepared or transmitted 'at the

22

23   _____

24   [8] To the extent that P.O. 942452's confidentiality provision applied to attorney-client privileged communications and/or
     work product, its restrictions on Argy's ability to disclose such information expired 5 years from the date of Argy's
25   receipt of the same.  *See* Ex. C at CH2M-00000159.
     [9] Note, however, that all four of these communications appear to have been between CH2M employees and in-house
26   counsel.  "Because in-house counsel may operate in a purely or primarily business capacity … the presumption that
     attaches to communications with outside counsel does not extend [to them]."  *ChevronTexaco Corp.*, 241 F. Supp. 2d at
27   1076.  For a privilege to attach, CH2M must "make a 'clear showing' that the 'speaker' made the communications for
     the purpose of obtaining or providing legal advice."  *Id*. (quoting *In re Sealed Case*, 737 F.2d 94 (D.C. Cir. 1984)).
28   Specifically, CH2M must establish that the "primary purpose of the communication was securing legal advice."  *Id*.
     (internal citation and quotation omitted).

PETITION AND MEMORANDUM FOR ENFORCEMENT OF CID - 10
CASE NO. C18-1452

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   direction of counsel,' the Court generally denied the claim of privilege.").  Additionally,

2   given the nature of the consulting work that Argy performed, and the descriptions in the

3   privilege log (*e.g.*, "data," spreadsheet," "report"), it is likely that many of the withheld

4   documents contain factual data, which, generally, is not protected from disclosure by the

5   attorney-client privilege.  *See, e.g., Upjohn Co. v. United States*, 449 U.S. 383, 395-96

6   (1981) (the privilege "does not protect disclosure of the underlying facts").

7       Because CH2M has failed to establish that documents relating to Argy's consulting

8   work are protected by the attorney-client privilege, the United States requests that the Court

9   compel CH2M to produce all of the documents identified as attorney-client communications

10  in the March 19, 2018 privilege log.

11  **D.    The Work Product Doctrine Does Not Apply to Argy-Related Materials**

12      "The work-product doctrine protects 'from discovery documents and tangible things

13  prepared by a party or his representative in anticipation of litigation.'"  *Richey*, 632 F.3d at

14  567 (quoting *Admiral Ins. Co. v. U.S. Dist. Ct.*, 881 F.2d 1486, 1494 (9th Cir. 1989)).  The

15  purpose of the work product doctrine is to "shelter[] the mental processes of the attorney,

16  providing a privileged area within which he can analyze and prepare his client's case."

17  *United States v. Nobles*, 422 U.S. 225, 238 (1975).  For work product protection to apply, a

18  document must "(1) be 'prepared in anticipation of litigation or for trial' and (2) be prepared

19  'by or for another party or by or for that other party's representative.'"  *Richey*, 632 F.3d at

20  567 (quoting *In re Grand Jury Subp., Mark Torf/Torf Envtl. Mgmt.* (*Torf*), 357 F.3d 900, 907

21  (9th Cir. 2004)).  Where, as here, the documents were not prepared exclusively for the

22  purpose of litigation, work product protections do not apply unless, based on "the totality of

23  the circumstances … it can fairly be said that the 'document was created because of

24  anticipated litigation, and would not have been created in substantially similar form but for

25  the prospect of that litigation[.]'"  *Torf*, 357 F.3d at 908 (quoting *United States v. Adlman*,

26  134 F.3d 1194, 1195 (2nd Cir. 1998)).  Here, CH2M has not met its burden of proof.

27      Neither the language of PO 942452 nor the Supplement indicates that CH2M engaged

28

---

PETITION AND MEMORANDUM FOR ENFORCEMENT OF CID - 11
CASE NO. C18-1452

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   Argy for the purpose of assisting the company in preparation for litigation.[10]  Likewise,

2   CH2M's privilege log does not reference that any of the documents withheld based on the

3   work product doctrine were prepared in anticipation of litigation.  Additionally, the non-legal

4   purpose of the Argy engagement and the descriptions in the privilege log indicate that it is

5   unlikely that any of the documents withheld under the work product doctrine were prepared

6   because of anticipated litigation.  Consequently, CH2M has not established a *prima facie*

7   basis for work product protections.  The Court, therefore, should compel CH2M to produce

8   all of the Argy-related documents that it has withheld on the basis of the work product

9   doctrine.

10                                    **CONCLUSION**

11          For the reasons set forth herein, the United States requests that this Court enforce the

12   CID and compel CH2M to produce all of the Argy-related documents that it has withheld

13   based on the attorney-client privilege and/or work product doctrine.  Alternatively, the

14   United States requests that the Court compel CH2M to provide all of the withheld documents

15   for *in camera* review so that the Court may determine which documents, if any, are properly

16   withheld.

17   //

18   //

19

20

21

22

23

24

25

26   ───────────────────

27   [10] At most, the Supplement states that one of the purposes of the engagement was for Argy to "assist with preparation for DCAA business systems audits."  Ex. E at CH2M-00000186.  Although CH2M Hill contends that Argy's work related to "a potential anticipated dispute with DCAA" (Ex. O at 5), it has not shown that any of the withheld documents were prepared because of anticipated litigation or that they would not have been prepared in substantially similar form but for the prospect of litigation.

28

PETITION AND MEMORANDUM FOR ENFORCEMENT OF CID - 12
CASE NO. C18-1452

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Dated this 3rd day of October, 2018.

2

3                              Respectfully submitted,

4                              ANNETTE L. HAYES
5                              United States Attorney

6
                               *s/ David R. East*
7                              DAVID R. EAST, WSBA #31481
8                              Assistant United States Attorneys
                               United States Attorney's Office
9                              700 Stewart Street, Suite 5220
10                             Seattle, Washington 98101-1271
                               Phone:  206-553-7970
11                             Fax:  206-553-4073
                               Email:  david.east@usdoj.gov
12

13                             *s/ Kayla C. Stahman*
                               KAYLA C. STAHMAN, CA #228931
14                             Assistant United States Attorneys
15                             United States Attorney's Office
                               700 Stewart Street, Suite 5220
16                             Seattle, Washington 98101-1271
                               Phone:  206-553-7970
17                             Fax:      206-553-4067
18                             Email:  kayla.stahman@udsdoj.gov

19
                               *Attorneys for Petitioner*
20

21

22

23

24

25

26

27

28

PETITION AND MEMORANDUM FOR ENFORCEMENT OF CID - 13
CASE NO. C18-1452

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

<u>CERTIFICATE OF SERVICE</u>

2
   The undersigned hereby certifies that he is an employee in the Office of the United

3
States Attorney for the Western District of Washington and is the person of such age and

4
discretion as to be competent to serve papers;

5
   It is further certified that on this day, I have served the foregoing document to the

6
following non-CM/ECF participant(s), via USPS mail, postage pre-paid.

7

8
   Joseph D. West
   Gibson, Dunn, & Crutcher LLP
9
   1050 Connecticut Avenue, N.W.
   Washington, DC 20036-5306
10

11
   DATED this 3rd day of October, 2018.
12

13

14
                          <u>s/ Thomas Everett</u>
                          THOMAS EVERETT
15
                          Paralegal
                          United States Attorney's Office
16
                          700 Stewart Street, Suite 5220
17
                          Seattle, Washington 98101-1271
                          Phone: (206) 553-7970
18
                          Fax: (206) 553-0882
19
                          E-mail: thomas.everett@usdoj.gov

20

21

22

23

24

25

26

27

28

PETITION AND MEMORANDUM FOR ENFORCEMENT OF CID - 14
CASE NO. C18-1452

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970